United States District Court
Eastern District of Kentucky
Central Division at Lexington

Eastern District of Kentucky
**F I L E D**

MAY 1 5 2017

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

**Mehrdad Hosseini** and **Nasrin Abdolrahmani,**
Plaintiffs

v.

Civil Action No. 5:17-cv-216-JMH

**National Cooperative Bank (NCBFSB),**
Defendant

## Original Complaint

Hereby come plaintiffs MEHRDAD HOSSEINI and NASRIN ABDOLRAHMANI, husband and wife, suing the defendant, National Cooperative Bank, N.A. for:

1- Unfair, Deceptive and Abusive Acts and Practices
2- Intentionally providing false statements
3- Not posting payments made by plaintiffs timely and properly to plaintiffs' account.
4- Falsely representing the amount and legal status of the debt
5- Assessing additional amounts not expressly authorized by plaintiffs and the agreement creating the debt and permitted by law
6- Scheming and attempting to turn plaintiffs' account into default by refunding payments made timely by plaintiffs and then assessing late fees to the account
7- False reporting of timely made payment to credit agencies as late and damaging plaintiffs credit histories and financial reputations
8- Threatening to falsely furnish information about payments made on time by plaintiffs to credit reporting agencies

1

Plaintiffs are suing defendant pursuant:

    15 U.S.C.§1692 and 1692k, Abusive Practice Debt Collection (APDC)

    15 U.S.C.§1681, Fair Credit Reporting Act (FCRA)

    And other applicable laws

Jurisdiction of this court arises under 18 U.S.C.§1331 as this lawsuit presents a federal question.

## Parties:

1- Plaintiffs are both residents of Lexington Kentucky since 2006 residing at 4401 Biltmore Pl., Lexington, KY, 40515

2- Defendant, National Cooperative Bank, N.A. ( hereafter NCB) has its principal place of business at 139 South High Street, Hillsboro, OH, 45133

## Facts, Background, and Statement of complaint:

1- Plaintiffs received a loan (hereafter the loan) from defendant in amount of $18300 with loan number 210072124, and terms under Adjustable Rate Note on October 10, 2001 (hereafter the Note, Exh A). Some of key terms of the Note are:
   a. Pay principal and interest by making a payment every month at the beginning of the month (section 3(A))
   b. If the Note Holder [NCB] has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, [plaintiffs] pay a late charge to the Note Holder (section 7(A))
   c. If plaintiffs do not pay the full amount of each monthly payment on the date it is due, plaintiffs will be in default (section 7(B))
2- Defendant sent annual "Change Rate Note" to plaintiffs each year indicating adjusted amount for next year's monthly payments. (Exh B, most recent notes)
3- Plaintiffs have paid all payments timely as required per terms of the note without any interruption.
4- In Feb 21, 2017 Defendant mailed a "Breach Warning" letter to plaintiffs alleging that "the loan is in default because of a failure to maintain the required advances made on [plaintiffs] behalf." And that defendant "will no longer accept partial payment". Defendant furthermore demanded plaintiffs to make a full payment. (Exh C)
5- Plaintiffs confirmed with their bank (MSUFCU) and received proof of payments from their bank (MSUFCU) indicating all payments made timely and electronically to defendant. (Exh D)

6- Furthermore, on contrary to Defendant's allege in "Breach Warning", all statements provided by defendant prove payments are made on time. However, defendant did not credited payments (in total amount of about $5503.23) plaintiffs timely made since 2012 until March 2017 to plaintiffs account. Statements from defendant do not show correct amounts for remainder of the loan. Defendant posted various amounts and inaccurate information about remainder of the loan in all of their recent statements. (Exh E)

7- Plaintiffs also found unauthorized fees assessed to their account by defendant without consent and permission from plaintiffs, nor informed plaintiffs, in total of $10539.98 (see corresponding dates in statement from defendant, Exh F) as follow:
   a. $9492.83 assessed on Jan 6, 2012 described in defendant's statement as for HOA which do not exist in loan's terms. The only loan plaintiffs received from defendant and are obligated to repay is the loan 210072124, subject of this suit, received in Oct 2001.
   b. $51.79 assessed on June 6, 2012 described in defendant's statement to be for Maintenance Fee. While there is no term or requirement nor agreement in the loan's terms for any loan maintenance or any such fee.
   c. $526.50 assessed on June 27, 2012 for Attorney Fee. There was no legal service that plaintiffs received or requested at all in any way from defendant.
   d. $17.53 assessed on June 29, 2012 described in defendant's statement to be for Maintenance Fee. While there is no term or requirement nor agreement in the loan's terms for any loan maintenance or any such fee.
   e. $442.50 assessed on Aug 7, 2012 for Attorney Fee. Again, there was no legal service that plaintiffs received or requested at all in any way from defendant.
   f. $18.83 assessed on Aug 7, 2012 again described in defendant's statement to be for Maintenance Fee. There is no term or requirement nor agreement in the loan's terms and requirements for any loan maintenance or such fees

8- Plaintiffs responded to defendant's letter of "Breach Warning" on or about March 3, 2017 (Exh G) and informed defendant about their errors and that their statement is false, and that plaintiffs made all monthly payments timely and per terms of loan agreed by defendant.
Plaintiffs also advised defendant that rejecting future payments and attempting to force the loan into default by not accepting payments from plaintiff is unlawful and breaching the contract. Furthermore, Plaintiffs reminded defendants for and requested all unauthorized and illegal fees and charges assessed to the loan by defendant to be removed; and that defendant never responded to inquiries from plaintiffs for removing unauthorized charges. (Exh G)

9- Defendant not only did not correct their errors, they did not credit plaintiffs all their past payments either. On contrary, defendant in an unlawful and fraudulent attempt and abusive their terms of the

3

loan, mailed a check (hereafter the check) on March 3, 2017 for returning a timely payment made as usual electronically by plaintiffs on March 1, 2017 for month of March. (Exh H)

10- Perhaps assuming that plaintiffs may cash the check and defendant can proceed with their scheme, defendant then quickly mailed a "Loan Reminder Notice" on March 8 of 2017 alleging they never received payment from plaintiff and that payment is past due. All notes and statements from defendant have again different and incorrect amount for reminder of the loan. (Exh I)

11- Defendant in their next step sent to plaintiffs a "Loan Late Charge Notice" on March 16 notifying plaintiffs of assessed late charge fee to the account for March 2017 despite received payment on March 1, 2017 electronically from plaintiffs' bank (MSUFCU). (Exh J)

12- Defendant mailed a "Late Notice" on March 23 that the loan was due on March 1 and that they did not receive the payment and they report past due payment to credit bureaus. (Exh K)

13- Defendant then reported false information for both plaintiffs to all credit bureaus that payment for March is 30 days past due thus damaging plaintiffs' credit worthy and financial reputation.(Exh L)

14- On contrary to alleges in "Late Notice" and "Late Charge Notice", a monthly statement mailed by defendant on or about April 1, 2017 indicates and proves they received payment for month of March but they intentionally acted against plaintiffs and to abuse terms of the note. And once again, defendant did not credit plaintiffs for payment made timely for month of March.

15- Defendant assessed a Late Fee to plaintiffs' account despite they received the payment timely and plaintiffs were not late. (Exh M)

16- Plaintiffs mailed another respond letter to defendant on or about March 29 and enclosed a proof of payment from Plaintiffs' bank (MSUFCU) indicating payment was sent to defendant electronically. Furthermore, plaintiffs warned defendant about their unlawful actions and false reporting, and requested defendant to correct their errors and send statement with true information, and that defendant will be liable for any damage their unlawful actions may cause to plaintiffs. (Exh N)

17- But defendant continues unlawful acts of sending false statements, not crediting plaintiffs for their timely payments, threatening plaintiffs for further reporting false information to credit bureaus for timely payments made by plaintiffs, and assessed Late Fees to payments plaintiffs made on time. (Exh O)

## Conclusion:

Plaintiffs performed as required by terms of the loan and made all payments in full timely without any interruption and all payments are current.

Defendant acted and is acting unfair, deceptive and abusive in attempt to charge plaintiffs extra fees and charges and to breach contract to collect remainder of the loan in full.

Defendant intentionally:
1. Provided false statements to plaintiffs
2. Did not and is not posting payments timely and properly to plaintiffs' account
3. Is falsely representing the amount and legal status of the debt
4. Assessed and is assessing additional amounts not expressly authorized by plaintiffs and the agreement creating the debt and permitted by law
5. Reported false status of payment to credit agencies damaging plaintiffs credit histories and financial reputations
6. Is threatening to continue falsely furnish information about plaintiffs to credit reporting agencies

Wherefore, herein we plaintiffs, pray that upon due considerations the honorable court to
1. Review all facts and evidences and find defendant's actions unlawful and demand defendant to:
   a. Report correct status of the loan to credit bureaus and change status of all payments to current
   b. Credit to plaintiffs' account all payments made timely by plaintiffs since Jan 2012. Total amount since Jan 2012 to March 30, 2017 is about $5503.23
   c. Remove all unauthorized fees described in 7 as well as all late fees from plaintiffs account and report actual remainder balance of the loan
   d. Provide plaintiffs correct and accurate monthly statements as required by law
2. Awarding plaintiffs court's and legal fees and all other costs and fines relating to this complaint
3. Granting such other relief at law in equity as justice may require for damages made to plaintiffs

Respectfully submitted,

*N. Abdol*

Plaintiffs:
Mehrdad Hosseini
Nasrin Abdolrahmani
May 10, 2017

Tel: 517-599-8010
4401 Biltmore Pl.
Lexington, KY 40515

5