UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| MEHRDAD HOSSEINI and NASRIN ABDOLRAHMANI, | ) ) ) | |
| Plaintiffs, | ) ) | Action No. 5:17-cv-216-JMH |
| v. | ) ) ) | |
| NATIONAL COOPERATIVE BANK, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Defendant. | ) | |

\*\* \*\* \*\* \*\* \*\*

This matter is before the Court on the Defendants' Motion to Dismiss for Lack of Personal Jurisdiction [DE 11]. The plaintiffs responded [DE 13] and the motion is ripe for ruling. For the reasons stated herein, the motion will be **GRANTED**.

I. **Factual Background**

Plaintiffs, proceeding pro se, filed the Complaint in this matter against National Cooperative Bank for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 and Fair Debt Collection Practices Act, 15 U.S.C. § 1692. Plaintiffs obtained a loan from Defendant in 2000. The loan related to property or an interest in a co-op (it is not clear from the record at this stage), which Defendant says is located in Michigan and Plaintiff claims is an intangible interest not located in any state. Plaintiffs allege Defendant misapplied payments on their loan and

1

made inaccurate reports to the credit reporting agencies that negatively affected their credit scores.  Plaintiffs moved from Michigan to Kentucky in 2006.

Defendant filed an Answer to the Complaint, but soon thereafter moved to dismiss the Complaint for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2).  Plaintiffs did not aver any facts relating to personal jurisdiction in the Complaint other than that Defendant's principal place of business is in Hillsboro, Ohio, a fact that Defendant admits as true.

## II. Standard of Review

Plaintiffs "need only make a prima facie showing of jurisdiction." *CompuServe, Inc. v. Patterson*, 89 F.3d 1257, 1262 (6th Cir. 1996).  To meet this burden, they must establish "with reasonable particularity sufficient contacts between [Defendants] and the forum state to support jurisdiction."  *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002) (citation omitted).  In reviewing a defendant's motion to dismiss pursuant to Rule 12(b)(2), this Court relies on the pleadings and affidavits of the parties and construes the facts in the light most favorable to the nonmoving parties.  *See Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989).  "[T]the plaintiff must make only a *prima facie* showing that personal jurisdiction exists in order to defeat dismissal . . . the pleadings and affidavits submitted must be viewed in a light most favorable to

the plaintiff, and the district court should not weigh the controverting assertions of the party seeking dismissal. *Air Prod. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007) (internal quotation marks and citations omitted).

"Where a federal court's subject matter jurisdiction over a case stems from the existence of a federal question, personal jurisdiction over a defendant exists 'if the defendant is amenable to service of process under the [forum] state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant[ ] due process.'" *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (quoting *Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 954 F.2d 1174, 1176 (6th Cir.1992). Where, as here, the defendant objects to personal jurisdiction, this Court may exercise personal jurisdiction over a defendant only if such jurisdiction is (1) authorized by Kentucky law and (2) otherwise consistent with the Due Process Clause of the Fourteenth Amendment. *See Youn v. Track, Inc.*, 324 F.3d 409, 417 (6th Cir. 2003) and Fed. R. Civ. P. 4(k)(1). Kentucky's long-arm statute provides in pertinent part:

> (2) (a) A court may exercise personal jurisdiction over a person who acts directly or by an agent, as to a claim arising from the person's:
> 1. Transacting any business in this Commonwealth;
> 2. Contracting to supply services or goods in this Commonwealth;
> . . . .

KRS § 454.210(2)(a). Kentucky courts construe the state's long-arm statute as coextensive with the limits of due process. *Wilson v. Case*, 85 S.W.3d 589, 592 (Ky. 2002). The Court may exercise jurisdiction over Defendants if personal jurisdiction is consistent with the requirements of federal due process.

Specific jurisdiction exists where the claims in the case arise from or are related to the defendant's contacts with the forum state. *Kerry Steel, Inc. v. Paragon Indus., Inc.*, 106 F.3d 147, 149 (6th Cir. 1997).[1]

The Court addresses three criteria to determine if an exercise of specific jurisdiction is proper. First, Defendants must have purposefully availed themselves of the privilege of acting in Kentucky or purposefully caused a consequence in the state. Next, the cause of action must arise from Defendants' actions in Kentucky. Finally, the exercise of jurisdiction must be reasonable. *See Aristech Chem. Int'l Ltd. v. Acrylic Fabricators Ltd.*, 138 F.3d 624, 628 (6th Cir. 1998); *Southern Machine Co. v.*

---

[1] General jurisdiction, on the other hand, exists when a defendant's "contacts with the forum state are of such a continuous and systematic nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state." *Bird v. Parsons*, 289 F.3d 865, 873 (6th Cir. 2002). It is not clear whether Plaintiffs claim the Court has specific or general jurisdiction over Defendant, although the Complaint and Response to the Motion to Dismiss allege facts that lead the Court to believe Plaintiffs allege specific jurisdiction. To the extent Plaintiffs claim the Court has general jurisdiction over Defendant, the Court holds that there are no facts that support a finding of general jurisdiction because Defendant has no loans on its books originated in Kentucky and does not market to Kentucky residents.

*Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968); *Wilson*, 85 S.W.3d at 592.

A court may not exercise *in personam* jurisdiction if the defendant has not purposefully entered into a connection with the forum state "such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). "This 'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)(citations omitted).

**III. Analysis**

Defendant is a federally-chartered bank with its primary place of business in Ohio. Defendant submitted an affidavit sworn by its authorized representative and Vice President, Tonia Vorhies, upon which it relies as proof that the Court does not have personal jurisdiction over it. The affiant states Defendant does not provide services in Kentucky, does not market its services to residents of Kentucky, has never had a branch or physical presence in Kentucky, has not originated any loans in the state of Kentucky in the past five years, does not have any loans originated in the state of Kentucky on its balance sheet, and that the specific loan at issue in this case relates to property located in

the state of Michigan, with no connection to Kentucky. [DE 11, Ex. 1, ¶¶ 3-7].

The exhibits Plaintiffs offered in response to the motion to dismiss (as well as the exhibits attached to the Complaint) relate only to the substantive claims in the case, and do not refute Defendant's affidavit. Plaintiff does state in the response that the loan that is the subject of this dispute "is not bound to any property," which, although not evidence, does dispute Defendant's claim that the loan relates to property in Michigan. If the loan does not relate to property in any particular state, however, this fact does not support a finding of *in personam* jurisdiction over Defendant.

In deciding a Rule 12(b)(2) motion without a hearing, the Court must construe all facts in the light most favorable to the plaintiffs, and should "not consider facts proffered by the defendant that conflict with those offered by the plaintiff." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 887 (6th Cir. 2002). Even under this very generous standard, the Court holds it cannot exercise personal jurisdiction over the defendant. There are no facts which indicate Defendant has any contacts with Kentucky, other than correspondence it sent to Plaintiff. Defendant did not purposefully avail itself of the jurisdiction of this court; rather, Defendant made a loan to Plaintiffs in 2000 and then Plaintiffs moved to Kentucky six years later. Defendant

did not have any reason to suspect that it would be haled into court in Kentucky because its loan customers moved and it had to send them mail at their new address.[2]

Exercising *in personam* jurisdiction over Defendant pursuant to these facts would "offend traditional notions of fair play and substantial justice." *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Accordingly, Defendant's motion will be granted.

**IV. Conclusion**

For the reasons stated herein and the Court being otherwise sufficiently advised, **IT IS ORDERED** that Defendant's Motion to Dismiss [DE 11] is hereby **GRANTED**.

This 29th day of March, 2018.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

---

[2] The Court notes that various federal regulations, such as the Fair Credit Reporting Act, the Truth-in-Lending Act, and others require notices be sent from lenders to borrowers throughout the life of the loan. Defendant had no choice but to send mail to its borrowers in Kentucky in order to be compliant with regulatory requirements.